# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIJU GEORGE,** | : | Civil No. 1:18-CV-00766 |
| **Plaintiff,** | : | |
| v. | : | |
| **PENNSYLVANIA TURNPIKE COMMISSION,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is Plaintiff Biju George's ("George") motion for reconsideration (Doc. 34) of this court's December 10, 2019 order. (Doc. 31.) For the reasons set forth below, the motion will be denied.

## I. **Background**

On December 10, 2019, the court held a conference call with the parties to address various discovery issues raised by both sides. On the call, Defendant Pennsylvania Turnpike Commission ("PTC") claimed that George provided insufficient responses to PTC's discovery requests regarding George's efforts to mitigate damages, and it therefore requested that George provide his laptop to PTC for forensic examination. In response, George's counsel expressly represented that he was not opposed to providing George's laptop to PTC for forensic examination. The court interpreted this representation, together with the failure of George's counsel to make any argument for why the laptop shouldn't be provided, as his

1

consenting to produce the laptop for forensic examination. Accordingly, the same day, this court issued an order (the "December 10 Order") that, among other things, ordered George to produce his laptop for forensic examination.

Despite the December 10 Order, George has not provided his laptop to PTC. Instead, on January 10, 2020, he filed his present motion for reconsideration, which argues that the court was mistaken in concluding that George's counsel consented to produce the laptop.

## II. Discussion

### a. George's motion for reconsideration is denied.

George's motion for reconsideration is denied as untimely. Local Rule 7.10 requires motions for reconsideration to be filed "within fourteen (14) days after the entry of the order concerned." George's motion was filed on January 10, 2020—31 days after entry of the underlying order—and provides no justification for departing from the local rule.[1] *See Nittany Outdoor Advert., LLC v. Coll. Twp.*, 179 F. Supp. 3d 436, 439 (M.D. Pa. 2016) ("[L]ocal rules are binding on the district court unless there is a justifiable reason to excuse their command.") (internal citation and quotation marks omitted). If George believed that the court misinterpreted his

---

[1] George's motion fails to acknowledge Local Rule 7.10 but claims that the "the parties attempted in good faith to resolve the issue of to what extent PTC should be allowed access to Plaintiff's personal computer but have been unable to do so." (Doc. 34, p. 5.) However, the evidence submitted by PTC in opposition shows that after the court entered the December 10 Order, George's counsel mostly went radio silent and failed to respond to PTC's counsel's requests to negotiate search terms for relevant information contained on the laptop.

2

counsel's consent, which the court memorialized in an order issued the same day as the underlying telephone conference, he should not have waited a month to act.

George's motion is not saved by his invocation of Rule 60 of the Federal Rules of Civil Procedure. Rule 60(a) "is limited to the correction of clerical mistakes; it encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129–30 (3d Cir. 2005) (internal quotation marks and citations omitted).[2] Rule 60(b) does not apply to interlocutory orders. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (Rule 60(b) motions are "not a proper avenue" for challenging interlocutory orders). George's motion for reconsideration is therefore denied on this basis.

Furthermore, even if George's motion was timely, it lacks merit and provides no reason to second guess this court's determination that George's counsel expressly consented to produce the laptop. In addition, PTC's submissions independently

---

[2]*See also United States v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968) ("Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it."); *Noble Biomaterials v. Argentum Med., LLC*, No. 3:08-CV-1305, 2011 WL 13114251, at *1 (M.D. Pa. Aug. 25, 2011) ("The Third Circuit has suggested that determinations 'intentionally and knowingly made by the district court' are not likely covered under Rule 60(a).") (quoting *Kelly v. Matlack, Inc.*, 903 F.2d 978, 985 (3d Cir. 1990) citing *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980) ("Rule 60(a) may not be used to change something which has been deliberately done.")); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2854 (3d ed.) ("Rule 60(a) is not a vehicle…to change what has been deliberately done.").

demonstrate its need to conduct the forensic examination. For at least six months now, George has consistently provided incomplete and inadequate discovery responses regarding his efforts to mitigate damages.[3] That George has supplemented his production with additional partial information every so often—each time pressure comes to bear—only furthers the case for forensic examination. George must therefore make available his laptop, together with access to any email accounts used to apply for jobs, to PTC for forensic examination in accordance with the schedule and restrictions outlined in the accompanying order.[4]

---

[3] For example, on August 28, 2019, PTC deposed George. During the deposition, PTC took issue with George's discovery responses regarding his efforts to mitigate damages. Specifically, PTC pointed out that some of George's discovery responses failed to show that he actually applied for certain jobs, particularly in 2016, the year of his termination. In response, George represented that he had in fact applied to "many more" jobs, including in 2016, and George and his counsel agreed to provide additional documentation to PTC. Around three months later, just a few days before the then-scheduled fact discovery deadline, George's counsel provided an additional 14 pages of information on the issue of mitigation. However, half of those pages were duplicates from the prior production, and the new information consisted of a list of companies that George claimed he applied to in 2019—not 2016. (George's motion claims that this production included confirmation that each company received his application (Doc. 34, p. 4), when in fact it included a single representation by George that he "ha[s] confirmation"—i.e., *possesses* confirmation—that each company received his application. (Doc. 34, p. 110.)) Then, sometime after the court's December 10 Order ordering George to produce his laptop, George produced an additional 36 pages of documents, many of which mention job openings but do not show whether George actually applied to them, while others show that George scheduled a handful of job interviews in 2016.

[4] The parties appear to disagree as to whether the December 10 Order compels George to provide access to any email accounts he used to apply to jobs. Regardless of its scope, the court finds that such access should be provided for two main reasons. First, the inadequate productions that George has made to date show that information regarding his job search efforts is likely to be found in his email account. Second, George's counsel will be permitted to conduct a first pass through of all information prior to its production as outlined in the accompanying order, so a targeted search of George's email account will not be overly intrusive as compared with PTC's right to obtain discovery to support its affirmative defenses.

4

### b. PTC's request to extend discovery is granted.

PTC requests that the court extend the fact discovery deadline in order to allow it to forensically examine the laptop and complete George's deposition. That request is granted, as it is undisputed that PTC was unable to conclude George's deposition "due to some document production deficiencies." (Doc. 26, ¶ 9.) The court will therefore extend the fact discovery deadline, as outlined in the accompanying order, for the purpose of allowing PTC to conduct the laptop's forensic examination and complete George's deposition.

### c. PTC's request for sanctions is denied.

PTC's request for sanctions on the basis of George's alleged bad faith in filing his motion is denied. Given the brevity of the December 10 Order, George's desire to clarify its scope is arguably reasonable. However, should George or his counsel continue to refuse to produce George's laptop or otherwise unreasonably multiply these proceedings, PTC may renew its request.

### III. Conclusion

For the reasons set forth above, George's motion for reconsideration is denied. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: March 2, 2020