# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIJU GEORGE,** | : | CIVIL NO. 1:18-CV-766 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA TURNPIKE COMMISSION,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 9, 2018, the plaintiff brought this workplace ethnic discrimination lawsuit against the Pennsylvania Turnpike Commission. The parties have subsequently been embroiled in a number of discovery disputes, including disputes regarding the disclosure of electronic data stored on the plaintiff's laptop computer that may be relevant to the issues of mitigation of the plaintiff's damages. This issue was thoroughly addressed by the district court, which prescribed a process for this forensic search and the district court received no timely, contemporaneous reports of failures to abide by its order.

In the meanwhile, at the direction of the district court, we began addressing various other discovery disputes with the parties, including lingering discovery disputes between these parties concerning the timing of any in-person deposition of

the plaintiff. In our own conversations with counsel, we received occasionally conflicting reports from plaintiff's counsel regarding the willingness of the plaintiff to submit to an in-person deposition, but prior to May 14, 2020 we were never informed that the plaintiff objected to this deposition regarding his damage mitigation efforts because of any deficiencies in the computer search protocol that was prescribed earlier by the district court. The plaintiff's failure to raise this concern was particularly puzzling since we were compelled to conduct four conferences with counsel in a 16-day span between April 29 and May 14, 2020, to address discovery disputes.

We have now received an informal letter motion for protective order (Doc. 53) which invites us yet again to cancel the in-person deposition of Mr. George, citing alleged deficiencies in this computer forensic review to justify this request. In the exercise of our discretion we will DENY this motion, finding that the plaintiff has not proven discovery shortcomings in the conduct of the court-ordered laptop computer forensic review process that justify cancellation of this deposition which seeks evidence relevant to the plaintiff's claims and his mitigation of damages.[1]

---

[1] We note that the defendant's response in opposition to this motion also requests that we impose sanctions on the plaintiff. We will decline this invitation at this time. If the defendant wishes to pursue sanctions litigation, it should do so by a motion at the conclusion of all discovery.

Accordingly, having considered the positions of the parties  IT IS ORDERED as follows: The plaintiff's motion for protective order (Doc. 53) is DENIED and the parties shall arrange an in-person deposition of the plaintiff at a mutually convenient date and time on or before **June 15, 2020**.

So ordered this 27th day of May 2020.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge